### J. W. Wharton v. R. D. Chunn.

Decided January 2, 1909.

**1.—Appeal—Motion to Strike Out Statement of Facts.**

Where a very substantial portion of a statement of facts is in the form of questions and answers, such statement will be stricken from the record upon motion of appellee because in violation of the statute.

**2.—Slander—Privilege.**

When slanderous words were uttered to the plaintiff in the presence of others upon an occasion when the plaintiff sought from defendant a retraction of a prior slander, the contention that the words spoken under such circumstances were privileged, cannot be sustained. The rule of privilege under such circumstances does not inure to the benefit of one who is himself the author of the slander.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Chandler & Keith,* for appellant.

*Theodore Mack* and *Lee Riddle,* for appellee.

SPEER, Associate Justice.—A very substantial portion of the statement of facts contained in the record on this appeal is in the form of questions and answers, and therefore in violation of the statute requiring such statement to be in narrative form. We sustain appellee's motion to strike the same from the record. See Peoples v. Evans, 50 Texas Civ. App., 225.

Without a statement of facts there is but one assignment of error which can be considered, and that arises on an exception to a paragraph in appellee's petition. The action was one by appellee against appellant for damages for slander and libel. The exception is in effect that appellee seeks a recovery for words alleged to be slanderous, which were uttered to the appellee in the presence of others upon an occa-' sion when the appellee had sought from appellant a retraction of a prior slander, the contention being that the words spoken under such

circumstances, that is, at the appellee's instance and request, were privileged and therefore not actionable. But we rule against this contention for two reasons: First, the rule of privilege under such circumstances does not inure to the benefit of one who is himself the author of such slander; and, second, such language would in any event be actionable if spoken in malice, as appellee in this case alleges it was. See 25 Cyc., 392; Newell on Defamation, Slander and Libel, p. 515; Nott v. Stoddard (Vt.), 88 Am. Dec., 633; Laughlin v. Schnitzer, 106 S. W., 908.

Finding no error, we order that the judgment of the District Court be affirmed.

*Affirmed.*